UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                           Case No. 10-20034

WAYNE WILSON,                                    Hon. Sean F. Cox

    Defendant.
_____/

## OPINION AND ORDER DENYING
## DEFENDANT'S MOTION FOR INVOLUNTARY MISTRIAL

This matter is currently before the Court on Defendant Wayne Wilson's Motion for Involuntary Mistrial. For the following reasons, the Court shall DENY the motion.

## BACKGROUND

On January 20, 2010, the Government indicted Wayne Wilson ("Defendant") with being a felon in possession of firearms, distribution of crack cocaine, and two counts of possession with intent to distribute crack cocaine.

Defendant's trial began on May 10, 2010.

On May 12, 2010, the Government called a Flint police officer as a witness. The officer testified as follows.

On November 19, 2009, the officer arranged for a confidential informant ("CI") to make a "controlled purchase" of crack from Defendant. The officer watched the CI speak with somebody at the door of Defendant's residence at 613 Thompson Street. The CI waited outside, and a short time later, Defendant came out to meet him.

1

The CI and Defendant walked a short distance to a house where Defendant had previously resided at 702 Thompson Street. They entered the "breezeway" of the house, and the officer saw them "pass something between them." Immediately after the transaction, they left the house. Defendant returned to his residence at 613 Thompson Street, and the CI walked further down the street where he met with the officer.

On cross examination, defense counsel impeached the officer with his police reports and with his sworn affidavit, which was attached to the search warrant for 613 Thompson. The reports and affidavit did not mention that Defendant walked to 702 Thompson. Defense counsel asserts that the reports and affidavit are misleading and imply that the drug transaction took place outside of 613 Thompson.

On re-direct, the Government asked the officer why his reports did not mention that Defendant and the CI had walked to 702 Thompson. The officer replied that he wanted to protect the CI's identity. (Presumably, if the officer had included the walk to 702 Thompson, Defendant might have recalled the transaction and the identity of the CI.) The Government did not ask about the search warrant affidavit on re-direct.

Defendant filed his motion on May 12, 2010.

On May 13, 2010, the parties presented oral argument on Defendant's motion. At that time, the prosecutor stated that he did not know that Defendant and the CI had walked to 702 Thompson until after trial had begun. (*See also* Gov't. Br. at 2)

ANALYSIS

Defendant requests that the Court declare an "involuntary mistrial."

The Court first considers whether Defendant is entitled to a mistrial. "Granting a mistrial

2

is . . . within a trial court's discretion . . . ." *United States v. Atisha*, 804 F.2d 920, 926 (6th Cir. 1986). When a criminal defendant moves for a mistrial, the court's primary concern is "a determination of the fairness to the accused . . . ." *Id.* at 927; see also *United States v. Johnson*, 1994 WL 49592 at **5 (6th Cir. 1994); *United States v. Brooks*, 1990 WL 2656 at **3 (6th Cir. 1990).

Defendant argues that the Court should grant an involuntary mistrial for several reasons. As explained below, the Court finds each of the reasons without merit.

First, Defendant alleges that the "gratuitous inject of Defendant's alleged dangerousness served only to prejudice the jury against the Defendant, not to prove any fact in issue." (Def.'s Motion at ¶ 5.a.)

On re-direct, the prosecutor asked the officer why his report did not mention that the CI and Defendant had walked to 702 Thompson Street. In doing so, the prosecutor simply allowed the officer to explain that he wanted to protect the identity of the CI. The prosecution did not elicit any testimony regarding the Defendant's "alleged dangerousness," nor did the officer "gratuitously inject" Defendant's "alleged dangerousness" in his answer. The Court finds that this issue lacks a factual basis and that Defendant fails to show that he was deprived of fairness based on this issue.

Defendant further argues that the Court should grant a mistrial because the prosecutor's "suggestion that there is a justification for lying in a report on under [*sic*] oath is inconsistent with the due process obligations of the prosecution." (Def.'s Motion at ¶ 5.b.)

As noted above, the prosecutor allowed the officer to explain why his report did not include the fact that Defendant and CI walked to 702 Thompson Street. This was not a

3

"justification of lying," nor was it inconsistent with the prosecutor's "due process obligations." Additionally, the police report was not made under oath, and the prosecutor did not ask about the search warrant affidavit. Again, Defendant's claim lacks a factual basis, and he fails to show that he was deprived of fairness based on this issue.

Defendant also raises several other claims, all of which are based on the premise that prior to trial, the prosecutor knew that Defendant and the CI had walked to 702 Thompson Street. (Def.'s Motion at ¶ 5.c,d,e,g.) The court finds that the prosecutor did not know this information until *after* trial began. The Court, therefore, rejects these claims because they lack a factual basis.

Finally, Defendant asserts that "[i]f the Government did not know of the false statements in the report prior to trial, it had an obligation not to present a justification for the false statements, i.e. the Government cannot justify false discovery or testimony." (Def.'s Motion at ¶ 5.f.)

The Government did not attempt to "justify false discovery." The Government gave Defendant the officer's reports and affidavit prior to trial. This enabled defense counsel to extensively cross examine the officer. As noted above, the prosecutor's re-direct allowed the officer to explain his report. The prosecutor did not elicit a justification for false discovery. Again, Defendant's claim is without merit, and he fails to show that he was deprived of fairness.

Because Defendant has not demonstrated that he is entitled to a mistrial, the Court need not determine whether Defendant's motion for a mistrial was "involuntary" (i.e., whether Defendant may raise the bar of Double Jeopardy to a second trial).

4

## CONCLUSION AND ORDER

The grounds raised by Defendant lack merit and do not demonstrate that he was deprived of fairness. Accordingly, IT IS ORDERED that Defendant Wilson's Motion for Involuntary Mistrial is DENIED.

IT IS SO ORDERED.

                                        S/Sean F. Cox
                                        Sean F. Cox
                                        United States District Judge

Dated: May 20, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 20, 2010, by electronic and/or ordinary mail.

                                        S/Jennifer Hernandez
                                        Case Manager