UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Wayne Wilson, Jr.

      Petitioner,

v.                                                                    Criminal Case No. 10-20034
                                                   Civil Case No. 12-15297
United States of America,

                                                   Honorable Sean F. Cox

      Respondent.
_____/

**OPINION & ORDER
DENYING MOTION TO VACATE**

      Petitioner was convicted of drug and firearms offenses following a jury trial in this Court. The matter is now before the Court on Petitioner's Motion to Vacate Sentence, filed pursuant to 28 U.S.C. § 2255.  For the reasons set forth below, the Court shall DENY Petitioner's Motion to Vacate Sentence and shall DENY his request for an evidentiary hearing.

BACKGROUND

**Wilson's Criminal Conviction**

      In Criminal Case No. 10-20034, Defendant Wayne Wilson, Jr. ("Wilson") was charged with drug and firearms offenses.

      Wilson proceeded to a jury trial.  During trial, Wilson moved for a mistrial and this Court denied that motion in a written Opinion & Order.  (Docket Entry No. 31).  Wilson was found guilty as to all charges, which were: 1) Possession with Intent to Distribute Crack Cocaine, in violation of 21 U.S.C. § 841(a)(1); 2) Felon in Possession of a Firearm, in violation of 18 U.S.C. §922(g)(1); 3) Distribution of Crack Cocaine, in violation of 21 U.S.C. §841(a)(1); 4) Possession

with Intent to Distribute Crack Cocaine, in violation of 21 U.S.C. § 841(a)(1); and 5) Possession with Intent to Distribute Crack Cocaine, in violation of 21 U.S.C. § 841(a)(1).

Wilson was sentenced to 120 months imprisonment on Counts 1, 3, 4, and 5, and 120 months imprisonment on Count 2, to be served concurrent. (*See* Judgment, Docket Entry No. 43).

**Wilson's Direct Appeal**

Wilson filed a direct appeal, arguing that this Court: 1) abused its discretion in denying his motion for a mistrial; 2) abused its discretion by failing to hold a hearing during trial to allow him to challenge the search warrant affidavit under *Franks v. Delaware*, 438 U.S. 154 (1978); and 3) erred when it failed to address his argument that the government violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to inform him before trial of the officer's changed testimony. *United States v. Wilson*, 2012 WL 4457583 at *1 (6th Cir. Sept. 27, 2012).

Although Wilson raised three separate issues, the United States Court of Appeals for the Sixth Circuit considered them together:

> Wilson contends that the district court should have granted his motion for a mistrial because the government withheld material evidence in violation of *Brady v. Maryland* and Federal Rule of Criminal Procedure 16(c), thereby surprising him at trial. Because of the late disclosure of the change in Officer Petrich's testimony, Wilson argues that he was precluded from filing, pursuant to *Franks v. Delaware*, a pretrial motion to suppress the evidence obtained pursuant to the search warrant for 613 Thomson Apartment 2. Had a motion to suppress been filed, Wilson contends, the court might have suppressed the evidence relating to the search, resulting in the dismissal of counts 3 and 4 of the indictment.

*Id.* at * 4.

The Sixth Circuit found all three challenges to Wilson's conviction without merit and affirmed. In doing so, the majority stated:
Defense counsel did not ask to approach the bench when the changed

testimony first came to light. Had counsel objected and asked for a sidebar, the district court might have granted Wilson a continuance to prepare to meet the changed testimony, or the court might have interrupted the trial to allow Wilson an opportunity to make a motion to suppress and challenge the search warrant and affidavit under *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); *See* Fed. R. Crim. P. 16(d). If the district court had found a violation under Rule 16(c), *Brady*, or *Giglio*, the court might have excluded the evidence seized from 613 Thomson Apartment 2 as a sanction for the violation. But defense counsel did not object, ask for a continuance or sanctions, or request a *Franks* hearing.

Even if defense counsel had asked for a *Franks* hearing during trial, however, Wilson would not have prevailed. To obtain a *Franks* hearing, the defendant must make a substantial preliminary showing that the police officer included – knowingly and intentionally, or with a reckless disregard for the truth – in the warrant affidavit a false statement that was necessary to the finding of probable cause.

. . . .

When material omissions are at issue, "the defendant is entitled to a hearing if and only if: (1) the defendant makes a substantial preliminary showing that the affiant engaged in deliberate falsehood or reckless disregard for the truth in omitting information from the affidavit, and (2) a finding of probable cause would not be supported by the affidavit if the omitted material were considered to be a part of it." *Id*.

. . . .

Although a *Franks* hearing was not held, direct examination and thorough cross-examination provided a record of the false statements included in and the true statements omitted from the affidavit.

. . . .

If we redact the admittedly false statements from the affidavit, *see Poulsen*, 655 F.3d at 504, and consider the information omitted from the affidavit, *see Fowler*, 535 F.3d at 415, Wilson was not entitled to a *Franks* hearing because the affidavit provided a sufficient nexus to cocaine trafficking at 613 Thomson Apartment 2 to support probable cause for the search warrant.

. . . .

We further conclude that a violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), did not occur.

*United States v. Wilson*, 2012 WL 4457583 at *5-6 (6th Cir. Sept. 27, 2012).

Judge Bernice Donald authored a separate concurring opinion. In it, she stated that while she agrees with the majority opinion that this Court did not abuse its discretion in denying

Wilsons' motion for a mistrial, she "disagree[s] with the conclusion that Wilson could not show a *Franks* or *Brady* violation."  *Id.* at *8.

**Wilson's Motion to Vacate**

On December 2, 2012, Wilson filed a Motion to Vacate, pursuant to 28 U.S.C. § 2255. (Docket Entry no. 58).  Wilson raises one ground – "Defendant was Denied Ineffective [sic] Assistance of Trial Counsel guaranteed by The Sixth Amendment."  (*Id*. at 5).  Wilson states the following as the facts supporting that ground for relief:

> (A) During trial, Government's Witness Officer Petrich testified that on November 19, 2009, he observed a hand to hand drug transaction between the defendant and informant at 702 Thomson St.  Petrich testified that on November 20, 2009, he swore in an affidavit for Search Warrant, that the hand to hand drug sale actually occurred at 613 Thomson St. Apartment 2.  A State Magistrate issued a search warrant for 613 Thomson residence.  The evidence seized at 613 Thomson was admitted at trial.
> After Petrich's testimony, Trial Counsel was Negligent When He (1) did not object to Petrich's testimony or the introduction of the Evidence seized from 613 Thomson, (2) did not request a Frank's hearing; and (3) did not file a Motion to Suppress the evidence. (See Sixth Circuit Justice Bernice Donald's opinion pages 16, 17 Line 20, 21, 22 Exhibit A).
> (B) The Government violated Federal Rule Criminal Procedure 16(c): when it failed to disclose to Trial Counsel before or during trial; officer Petrich's materially different testimony.
> Instead it placed Petrich on the stand knowing his testimony would materially differ from his previous statements describing the Controlled purchase within the Affidavit for Search Warrant.
> When the false statements are disclosed during the course of a witness's testimony the prejudice to the defendant is much greater.
> Trial Counsel was Negligent when he (1) did not seek a continuance or sanctions; and (2) did not request a Brady [sic] hearing.

(*Id*. at 5-6).

On January 25, 2013, the Government filed a brief opposing Wilson's Motion to Vacate. (Docket Entry No. 62).  The Government contends that the grounds for relief contained in Wilson's Motion to Vacate have already been rejected by the majority opinion in his direct

appeal and those rulings constitute the law of the case and Wilson therefore cannot show ineffective assistance of his counsel. The Government asks the Court to deny Wilson's Motion to Vacate.

On March 22, 2013, Wilson filed a Reply Brief, again directing the Court to Judge Donald's concurring opinion and asking this Court to conduct an evidentiary hearing.

## ANALYSIS

"Under the law of the case, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation." *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994). The Sixth Circuit has "explained that the law of the case doctrine dictates that issues, once decided, should be reopened only in limited circumstances, e.g., where there is 'substantially different evidence raised on subsequent trial; a subsequent contrary view of the law by the controlling authority; or a clearly erroneous decision which would work a manifest injustice.'" *Id*. (citing *Petition of United States Steel Corp*., 479 F.2d 489, 494 (6th Cir. 1973)).

Here, the majority opinion that affirmed Wilson's conviction on direct appeal ruled that even if Wilson's attorney "had asked for a *Franks* hearing during trial," Wilson "would not have prevailed." *United States v. Wilson*, 2012 WL 4457583 at *5-6 (6th Cir. Sept. 27, 2012).[1] Wilson has not identified any of the limited circumstances that would warrant this Court reopening the Sixth Circuit's rulings, such as a subsequent contrary view of the law on this issue by controlling authority. As such, Wilson cannot show that his counsel's failure to request a *Franks* hearing was ineffective assistance of counsel.

---

[1] The majority opinion further ruled that no *Brady* violation occurred.

## CONCLUSION & ORDER

Accordingly, for the reasons set forth above, IT IS ORDERED that Wilson's Motion to Vacate is DENIED.

IT IS FURTHER ORDERED that Wilson's request for an evidentiary hearing IS DENIED.

IT IS FURTHER ORDERED that this Court declines to issue a certificate of appealability because the Court concludes that reasonable jurists would not find the Court's assessment of Wilson's claims debatable.

IT IS SO ORDERED.


Dated: May 2, 2013                                  s/ Sean F. Cox
                                                    Sean F. Cox
                                                    U. S. District Court Judge


I hereby certify that on May 2, 2013, the foregoing document was served upon counsel of record by electronic means and upon Wayne Wilson, Jr. by First Class Mail at the address below:

Wayne Wilson, Jr.
43579-039
Federal Correctional Institution
P O Box 7007
Marianna, FL 32447-7007


Dated: May 2, 2013                                  s/ J. McCoy
                                                    Case Manager